**FAEGRE DRINKER BIDDLE & REATH LLP**
Matthew J. Fedor
Kristen N. Roshto
600 Campus Drive
Florham Park, New Jersey 07932
(973) 549-7000 (tel.)
(973) 360-9831 (fax)
Matthew.Fedor@faegredrinker.com
Kristen.Roshto@faegredrinker.com
*Attorneys for Defendant*
*Couch Braunsdorf Insurance Group, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEPHEN SIMONI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COUCH BRAUNSDORF INSURANCE GROUP, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL**<br><br>(Document Filed Electronically) |

**TO**: Chief Judge, Judges, and Clerk of the United States District Court for the District of New Jersey

**FROM**: Couch Braunsdorf Insurance Group, 701 Martinsville Rd, Liberty Corner, NJ 07938, by and through its attorneys of record, Faegre Drinker Biddle & Reath LLP

**ON NOTICE TO**:

Plaintiff Stephen Simoni, by and through his attorneys of record:

Stephen J. Simoni
Simoni Consumers Class Action Law Offices
c/o Jardim, Meisner & Susser, P.C.
30B Vreeland Road, Ste. 100
Florham Park, NJ 07932
*Attorneys for Plaintiffs and the Proposed Class*

- and -

Clerk, Superior Court of New Jersey,
Law Division, Monmouth County
71 Monument Street
Freehold, NJ 07728

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and 1453, Defendant Couch Braunsdorf Insurance Group, Inc. ("Defendant") hereby removes this action from the Superior Court of New Jersey, Law Division, Monmouth County to the United States District Court for the District of New Jersey. In support of removal, Defendant states as follows:

I.   **PLEADINGS AND PROCESS**

1.   On September 14, 2020, Defendant was served with a Summons and Complaint captioned *Stephen Simoni v. Couch Braunsdorf Insurance Group, Inc. et al.*, which is pending in the Superior Court of New Jersey, Law Division, Monmouth County, Dkt. No. MON-L-002871-20 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit A** are true and correct copies of Plaintiff's Summons and Complaint and the Civil Case Information Statement issued in the State Court Action which constitutes all of the process, pleadings and orders served upon Defendant in this action to date. Also included in **Exhibit A** are true and correct copies of the state court Track Assignment Notice and the Affidavit of Service, which

together with the Summons, Complaint, and Case Information Statement, encompass all of the documents on the state court docket to date.

2. The Complaint asserts causes of action on behalf of Plaintiff himself and a putative class against Defendant for alleged violations of the federal Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 (Counts I – IV); trespass to chattel (Count V); and conversion (Count VI).

## II. THE COURT HAS FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S CLAIMS

3. This Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1331 because Counts I through IV of Plaintiff's Complaint are founded on rights arising under the laws of the United States; namely, the TCPA, 47 U.S.C. § 227.

4. Additionally, the Court has supplemental jurisdiction over Plaintiff's state law claims (Counts V and VI) under 28 U.S.C. § 1367 because the state law claims and the federal claims "derive from a common nucleus of operative fact." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

## III. IN THE ALTERNATIVE, THIS COURT HAS JURISDICTION UNDER CAFA

5. Alternatively, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453(b)—the Class Action Fairness Act ("CAFA").

6. Plaintiff's Complaint alleges that Defendant made unlawful calls to Plaintiff and the putative class members in violation of the TCPA, 47 U.S.C. § 227. *See generally* Compl. ¶¶ 18-32.

7. Plaintiff expressly defines the putative class as "[a]ll individuals who within the past four years (i) received one or more telemarketing Robocalls, i.e., that used a recorded voice, to a telephone number from Defendants without express prior written consent and in the absence of an emergency; (ii) received two or more telemarketing calls from Defendants within a 12-month period despite registration on the National Do-Not-Call Registry more than 29 days prior to at least two of the Sales Calls and despite the absence of a prior business relationship with Defendants; and/or (iii) received one or more telemarketing calls from Defendants more than twenty-nine days after Consumer directed Defendants to cease contacting him. Excluded from the Class are: (1) employees of the Defendants, including their officers or directors; (2) Defendants' affiliates, subsidiaries, or co-conspirators; and (3) the Court to which this case is assigned." Compl. ¶ 33.

8. CAFA's first requirement is that the putative class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5)(B). Here, Plaintiff alleges that the class consists of "thousands of consumers" to which Defendant allegedly made robo-calls over a four-year period. Compl. ¶¶ 33-34. Thus, the requirement of 28 U.S.C. § 1332(d)(5)(B) is satisfied.

9. The second CAFA requirement is minimal diversity—at least one putative class member and at least one defendant must be citizens of different states. 28 U.S.C. § 1332(d)(2)(A).

10. Defendant is, and was at the time the Complaint was filed, a New Jersey corporation incorporated with its principal place of business in New Jersey. Defendant is thus a citizen of the State of New Jersey.

11. The Complaint also names a number of fictitious parties as defendants, but "[f]or the purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

12. Although Plaintiff does not identify his citizenship, he alleges that the putative class members are "geographically dispersed throughout the United States," (*see* Compl. ¶ 34), and therefore pursuant to 28 U.S.C. § 1332(d)(2)(a) at least one member of the putative class of Plaintiffs is a citizen of a different state from Defendant.

13. CAFA's third and final requirement is that that the aggregate amount in controversy exceeds $5 million for the entire putative class, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2); 1332(d)(6).

14. To determine the amount in controversy, a district court must aggregate "the claims of individual class members." 28 U.S.C. § 1332(d)(6). The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the plaintiff will actually be awarded. Importantly, by removing this Action, Defendant does not have to concede liability, let alone liability of greater than $5 million. Defendant denies liability, denies that Plaintiff is entitled to any relief, and denies that a class can be properly certified in this matter.

15. Plaintiff here seeks statutory damages in the amount of $1,500 per TCPA violation on the basis that Defendant's alleged TCPA violations were willful and knowing within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1). Compl. ¶ 32.

16. Plaintiff alleges that he received "multiple" calls from Defendant, and he further alleges at least two TCPA violations per call. Compl. ¶¶ 18, 43-54. Thus, Plaintiff seeks to recover a minimum of $6,000 for his individual claims.

17.     Plaintiff alleges that the claims of the putative class members are similar to the claims of Plaintiff. Assuming for purposes of removal only that Plaintiff seeks a similar recovery per class member as for his individual claim, there would only need to be 834 putative class members with claims similar to Plaintiff to satisfy the $5 million amount in controversy requirement ($5,000,000 ÷ $6,000 = 833.33). As noted, Plaintiff alleges that the putative class contains "thousands of consumers," thus the amount potentially in controversy exceeds $5 million based solely on Plaintiff's allegations. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

18.     Additionally, Plaintiff also seeks, among other things, compensatory, general, incidental, consequential, special, and punitive damages, restitution and disgorgement, injunctive relief, prejudgment interest, court costs, and reasonable attorneys' fees, all of which are properly considered for purposes of determining the amount in controversy. Compl. ¶¶ 45, 48, 51, 54, & Prayer for Relief ¶¶ 1-10.

19.     On information and belief, none of the CAFA abstention provisions apply.

## IV.    TIMELINESS OF REMOVAL

20.     This Notice of Removal is timely because it is filed within the 30 days of service of the Summons and Complaint as prescribed by 28 U.S.C. § 1446(b)(1).

## V.    ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

21.     Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

22.     A Notice of Filing of Notice of Removal, with a copy of the Notice of Removal attached, will be filed promptly in the Superior Court of New Jersey, Law Division, Monmouth

County in accordance with 28 U.S.C. § 1446(d).

23. Counsel for Plaintiff will be served with a copy of this Notice of Removal.

24. For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1331, 1332, 1367, 1441(a), 1446, and 1453.

25. By filing this Notice of Removal, Defendant expressly preserves and does not waive any defenses that may be available to it.  Moreover, by demonstrating that the amount in controversy requirement is satisfied, Defendant does not concede that the jurisdictional amount is recoverable.  In fact, Defendant denies that any amount is recoverable by Plaintiff or the putative class.

**WHEREFORE**, Defendant hereby gives notice that all further proceedings in this matter shall take place in the United States District Court for the District of New Jersey, unless and until held otherwise by this Court.

Dated: October 14, 2020　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/  Matthew J. Fedor*
　　　　　　　　　　　　　　　　　　　　Matthew J. Fedor
　　　　　　　　　　　　　　　　　　　　**FAEGRE DRINKER BIDDLE & REATH LLP**
　　　　　　　　　　　　　　　　　　　　600 Campus Drive
　　　　　　　　　　　　　　　　　　　　Florham Park, New Jersey 07932
　　　　　　　　　　　　　　　　　　　　(973) 549-7000 (tel.)
　　　　　　　　　　　　　　　　　　　　(973) 360-9831 (fax)
　　　　　　　　　　　　　　　　　　　　Matthew.Fedor@faegredrinker.com
　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　*Couch Braunsdorf Insurance Group, Inc.*

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I hereby certify that, to the best of my knowledge, the matter in controversy in the above-captioned action is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding.

*/s/ Matthew J. Fedor*
Matthew J. Fedor